FILED
MAR 12 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

BERKELEY MUSE, on his own behalf
and on behalf of those similarly situated,

    Plaintiff,

vs.

CASE NO.: 1:15CV323 TSE/TCB

COMPUTER SCIENCES
CORPORATION, a Foreign Profit
Corporation,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

For the Complaint against COMPUTER SCIENCES CORPORATION, BERKELEY MUSE, on his own behalf and on behalf of those similarly situated, alleges as follows:

### PRELIMINARY STATEMENT

1. This action is filed by and on behalf of employees hired by Defendant, COMPUTER SCIENCES CORPORATION, to perform services in support of Task Order 9, who were located in Virginia when they signed their contracts with COMPUTER SCIENCES CORPORATION, and who were not paid for all hours they worked pursuant to their contract with COMPUTER SCIENCES CORPORATION.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff, BERKELEY MUSE, is, and at all relevant times was, a resident of Virginia.

3. Defendant COMPUTER SCIENCES CORPORATION ("CSC") is a Nevada corporation with its principal place of business in Falls Church, Virginia, authorized to do and doing business in Virginia.

1

4. Jurisdiction is invoked, *inter alia*, pursuant to the Court's diversity jurisdiction under 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000.

5. Venue is proper in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1 through 4 above.

7. Plaintiff BERKELEY MUSE entered into a contract with CSC to perform work at an American Army Base in Iraq. He began working in approximately January 2011 and continued under that contract until November 2011. A copy of the contract is attached hereto as Exhibit "A."

8. Mr. Muse was located in Virginia when he signed his contract with CSC.

9. Mr. Muse was hired as a non-exempt hourly-paid "Field Technician Senior Associate" to monitor and maintain electronics for warfare. See *id.*

10. According to the contract drafted by CSC for BERKELEY MUSE ("the contract"), his "compensation will consist of an hourly rate of $23.80, which will be paid biweekly." See *id.*

11. Mr. Muse also received a Foreign Travel Letter, which contained no information regarding his rate of pay, other than simply stating that his base weekly salary would not change as the result of his assignment. A copy of the Foreign Travel Letter is attached hereto as Exhibit "B."

12. Despite the contractual language set forth in paragraphs 8 and 9 above, CSC only paid Mr. Muse at his hourly rate for forty (40) hours worked each week. Mr. Muse was not compensated for any hours over forty (40) that he worked, even though he worked at least 80 hours in almost every week.

13. CSC drafted both the offer letter and the foreign travel letter.

14. On December 10, 2014, the Eastern District of Virginia in the cases of *George Rishell v. Computer Sciences Corporation*, Case No: 1:13-cv-00931-CMH-TCB at D.E. 238, and *Victoria Rhodes, et al. v. Computer Sciences Corporation,* Case No. 1:14-cv-00213-CMH-TCB, at D.E. 83, ruled that language identical to that in Mr. Muse's Offer Letter and Foreign Travel Letter, construed together, unambiguously required the payment of all hours at the listed hourly rate.

15. Thus, the issue of liability on the contract has been established as a matter of law and Defendant is estopped from arguing that the terms of the contract do not require payment for all hours worked.

16. Other employees of CSC who worked in support of Task Order 9 and were in Virginia when they signed their contracts worked hours in excess of forty (40) in a work week without receiving pay under their contracts with CSC.

## CAUSE OF ACTION

## CLASS ALLEGATIONS

17. Plaintiff incorporates paragraphs 1 through 16 above.

18. This action is brought on behalf of all persons presently and/or formerly hired by COMPUTER SCIENCES, working in support of Task Order 9, who were in Virginia when they signed their contracts with CSC and who have been denied pay for all hours worked.

   I. The Class is defined preliminarily as follows:

   > Those persons who have been, or now are, hired by COMPUTER SCIENCES working in support of Task Order 9 anytime during the last five (5) years who have been deprived of the full benefit of their contractual right to be paid for all hours worked.

II. The requirements of the Federal Rule of Civil Procedure 23 are met in that:

  a) Upon information and belief, the Class is so numerous that joining all members is impracticable. The class members are geographically disbursed throughout the nation and in foreign countries, have limited resources, and are unlikely to institute individual actions.

  b) The named Plaintiff is an adequate representative of the class because he was hired by COMPUTER SCIENCES and did not receive pay for all hours worked pursuant to the contract. He has been damaged by this treatment in the same manner as other class members.

  c) There are common questions of law and fact applicable to the entire class, including but not limited to the question of whether Plaintiff and other class members were entitled to the right to be paid for all hours worked pursuant to the contract.

  d) The claims of the named Plaintiff is a representative of and typical of the claims of the class and the named Plaintiff and his Counsel will fairly and adequately protect the interests of the class. Named Plaintiff has no interest adverse to or in conflict with other class members. Plaintiff's Counsel is experienced and competent in litigating large, complex class actions.

  e) The class should be certified as a class action pursuant to, inter alia, Rule 23(b)(1) and (b)(2) to avoid the risk of inconsistent or varying adjudications and because final injunctive and/or declaratory relief is appropriate with respect to the class as a whole, or in the alternative under 23(b)(3) because common questions of law and fact regarding COMPUTER SCIENCES' actions predominate over any individual questions. COMPUTER SCIENCES has acted or refused to act on grounds generally applicable to all members of the class, making final Declaratory and Injunctive relief and the award of monetary damages appropriate with respect to the class as a whole.

19. On or about January 6, 2011, Plaintiff BERKELEY MUSE entered into an employment contract drafted by Defendant, COMPUTER SCIENCES CORPORATION. Plaintiff began working in approximately January 2011.

20. Pursuant to the terms of the contract, a true and correct copy of which is attached hereto as Exhibit A, specifically at paragraph 1, CSC agreed to pay "an hourly rate of $23.80."

21. Contrary to its contract, CSC failed to pay Plaintiff BERKELEY MUSE at his hourly rate for all hours he worked.

22. Contrary to the terms of its contract, CSC's practice was to pay for a maximum of forty (40) hours per week regardless of the actual amount of time worked by BERKELEY MUSE and members of the class.

23. CSC drafted both the offer letter and the foreign travel letter for all members of the class.

24. By failing to pay BERKELEY MUSE and those similarly situated at his hourly rate for all hours worked, CSC breached its contract with Plaintiff and those similarly situated, which breach has damaged Plaintiff in amounts to be proved at trial, which exceed $75,000.00.

## PRAYER

WHEREFORE, Plaintiff, BERKELEY MUSE, respectfully requests that the Court enter a judgment against Defendant COMPUTER SCIENCES CORPORATION, and award relief as follows:

1. Declaratory relief holding that COMPUTER SCIENCES' practices in denying BERKELEY MUSE, and others similarly situated, compensation violate its contract and applicable law;

2. Retroactive and benefits and compensation, in amounts to be determined;

3. Any other applicable damages for COMPUTER SCIENCES CORPORATION'S breach of contract;

4. Pre-judgment interest; and

5. Attorney fees, litigation expenses, costs and such other and further relief as may be equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: this 9th day of March, 2015.

_____
GREGG GREENBERG, ESQ.
VA Bar No. 79610.
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
Email: ggreenberg@zagfirm.com